UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LILLIAN BROWN,

                  Plaintiff,

- against -

COLUMBIAN MUTUAL LIFE INSURANCE
COMPANY,

                  Defendant.
-------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
13-CV-02724 (CBA) (VMS)

AMON, Chief United States District Judge.

On May 2, 2013, plaintiff Lillian Brown filed this *pro se* action alleging employment discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634. By Order dated July 9, 2013, the Court directed Brown to show cause by written affirmation, why her employment discrimination complaint should not be dismissed as time-barred. (DE #3) On August 5, 2013, Brown submitted an amended complaint in which she alleges employment discrimination under the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-17, and, submitted various letters to the Court on August 15, 2013, August 19, 2013, September 9, 2013, September 14, 2013 and September 16, 2013. None of her submissions remedy the fundamental flaw to the continuance of this action, that is, her claims are time-barred. Thus, for the reasons set forth below, the action is dismissed.

## BACKGROUND

In her initial complaint, Brown, a seventy-eight year old former employee of Columbian Mutual Life Insurance Company, alleged employment discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634. Although the right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), which she attached to

1

her complaint, clearly stated that Brown waited too long to file her claim with the EEOC regarding discrimination which allegedly occurred in 2004, the Court allowed her thirty days to allege a basis for the nine-year delay or a basis for the equitable tolling of the 300-day period she had to file her EEOC charge. On August 5, 2013, Brown submitted an amended complaint, adding that she is also bringing her claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17, attaching the same EEOC letter dated April 15, 2013, but not addressing the timeliness question. (DE #8.) However, her amended complaint and her numerous letters to the Court, reference mental health issues, being followed by police, incidents in which she was recently concerned for her safety and a September 9, 2013 visit to Wood Hull Medical and Mental Health Center's emergency room where she was provided medication and released.[1]

## DISCUSSION

### I. Standard of Review

Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the court must construe a pro se litigant's pleadings liberally and interpret it as raising the strongest arguments they suggest. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### II. Timeliness

Brown brings this action under the ADEA and Title VII. In New York, a charge of

---

[1] The instant employment discrimination action is against Columbia Mutual Life Insurance Company. To the extent Brown wishes to file a civil rights claim against other parties she must file a separate action.

2

discrimination under the either of these federal statutes, must be filed with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. §§ 2000e-5(e); 29 U.S.C. § 626(d), 633(b); *Kassner v. 2d Ave. Delicatessen Inc.*, 496 F.3d 229, 236-37 (2d Cir. 2007); *Flaherty v. Metromail Corp.*, 235 F.3d 133, 136 n. 1 (2d Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII and/or the ADEA, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts."); *see also Cherry v. City of New York*, 381 Fed. App'x 57, 58 (2d Cir. 2010) (stating timely filing of charge with EEOC and corresponding state agencies is "a condition precedent to the filing of an action in federal court pursuant to the [ADEA], the [ADA] or Title VII of the Civil Rights Act" and the "statute of limitations for filing a claim with the EEOC is 300 days"). Brown does not provide any facts in any of her submissions to dispute the EEOC's conclusion that her charge was not timely filed or to explain why she filed her EEOC charge nine years after the alleged discriminatory conduct. Nor does she provide any information from which the Court could conclude that she is entitled to equitable tolling, despite the Court's direction and opportunity to do so. Brown's references to mental health treatment in 2011 and a September 9, 2013 visit to the emergency room do not satisfy the minimum requirement for application of the equitable tolling doctrine. *Boos v. Runyon*, 201 F.3d 178, 184-85 (2d Cir. 2000) (stating plaintiff has burden of "demonstrating appropriateness of equitable tolling" and declining to find conclusory and vague claims of mental illness ; see also *Walker v. Jastremski,* 430 F.3d 560, 564 (2d Cir. 2005) (finding courts apply "equitable tolling only in rare and exceptional circumstances, where [they] have found that extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he [sought] to toll" (internal quotation marks and citation omitted)). Thus, the Court concludes, Brown did not file a charge

with the EEOC within 300 days of the alleged discriminatory conduct and thus fails the timely-charge requirement.

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Predun v. Shoreham-Wading River School Dist.*, 489 F. Supp. 2d 223, 227 (E.D.N.Y. 2007) ("Failure to file an administrative charge with the EEOC within the 300 days extinguishes the claim and prohibits recovery."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 3, 2013

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
Chief United States District Judge

4